# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH WAYNE SEKERKE,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>WILLIAM GORE, Sheriff,<br><br>　　　　　　　　　　Respondent. | Case No.: 20-CV-1998 JLS (MSB)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT**<br><br>(ECF No. 1) |

On October 9, 2020, Petitioner Kevin Wayne Sekerke ("Petitioner" or "Sekerke"), a prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his confinement at San Diego County Jail while awaiting sentencing on several felony convictions in San Diego Superior Court Case Nos. SCS304221 and SCS305297. "Pet.," ECF No. 1 at 1. Sekerke alleges the dangers presented by the COVID-19 pandemic, combined with his pre-existing medical conditions, render his continued detention in the San Diego County Jail unconstitutional under the Eighth and Fourteenth Amendments. *Id.* at 6–8.

## BACKGROUND

On August 19, 2021, this Court denied Respondent's Motion to Dismiss the Petition for Failure to State a Claim. *See* ECF No. 11. The Court found that in the specific context

of the COVID-19 pandemic, when a prisoner claims his detention is unconstitutional in light of the dangers presented by COVID-19 combined with the petitioner's particular circumstances and that petitioner further contends there are "no set of conditions" that could possibly make his custody constitutional, a petition for habeas corpus is the proper vehicle for challenging that custody. *See id.* at 12–13 (citing *Wilson v. Williams*, 961 F.3d 829, 832–33 (6th Cir. 2020) (holding a petition for habeas corpus filed by the federal prisoners under 28 U.S.C. § 2241 was the proper vehicle when the prisoners sought "release from custody to limit their exposure to the COVID-19 virus"); *Bent v. Barr*, No. 19-CV-06123-DMR, 2020 WL 3640009, at *2 (N.D. Cal. July 6, 2020) (stating that "even for state prisoners, the Ninth Circuit has held that 'habeas jurisdiction is proper where a challenge to prison conditions would, if successful, necessarily accelerate the prisoner's release'")).

The Court, however, also issued an Order to Show Cause ("OSC") as to why the Petition should not be dismissed as moot after Sekerke's transfer from San Diego County Jail to the custody of the California Department of Corrections and Rehabilitation ("CDCR").[1] ECF No. 11. Sekerke filed a response to the OSC on August 27, 2021. ECF No. 12. Respondent did so on September 8, 2021. ECF No. 14.

## DISCUSSION

A federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Generally, a case becomes moot when the issues presented are no longer "live," or the parties lack a legally cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). The basic question in determining mootness is "whether there is a present controversy as to which effective relief can be granted." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th

---

[1] On July 23, 2021, Petitioner submitted a "Notice of Change of Address," indicating that he was housed in Wasco State Prison, a CDCR facility located in Kern County, California. *See* ECF No. 10. On October 4, 2021, Petitioner submitted a new "Notice of Change of Address," indicating that he is now housed in Valley State Prison, a CDCR facility located in Madera County, California. *See* ECF No. 15.

Cir. 2007) (quoting *Vill. of Gambell v. Babbitt*, 999 F.2d 403, 406 (9th Cir. 1993)).

Here, the claims raised in the Petition relate to the specific conditions at San Diego County Jail, and the only remedy Petitioner seeks is release from San Diego County Jail custody. *See generally*, Pet., ECF No. 1. As Petitioner concedes, he is no longer in the custody of the San Diego County Jail, nor is he in the custody of any San Diego County detention facility. ECF No. 12 at 2. Because Petitioner is specifically challenging conditions of confinement at San Diego County Jail and is seeking only release from County Jail as a remedy, his transfer to Wasco State Prison renders his request for habeas relief moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (concluding prisoner's transfer to another correctional facility rendered moot his claims for injunctive relief relating to the facility where the prisoner was no longer housed); *see also Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *7 (W.D. Tex. June 18, 2020) (finding an immigration detainee's § 2241 habeas claims related to COVID-19 were rendered moot when his request for release on habeas corpus was premised upon conditions of confinement at a specific facility and the petitioner was later transferred to another facility).

Sekerke argues the case is not moot because, although he has been transferred to CDCR custody, the conditions at Wasco State Prison are just as unsafe as they were at San Diego County Jail. *See* ECF No. 12 at 2. He asks the Court to substitute the CDCR Secretary as Respondent so he can proceed with his case against CDCR and Wasco State Prison.[2] *See id.* But none of the claims raised in the Petition relate to his previous custody at Wasco State Prison or his current custody at Valley State Prison. *See generally*, Pet., ECF No. 1. Therefore, there is no "present controversy as to which effective relief can be

///

---

[2] As the Court noted *supra*, since filing his response to the OSC on August 27, 2021, Petitioner has been transferred from Wasco State Prison to Valley State Prison. *See* ECF No. 15. However, even assuming Petitioner would argue the conditions at Valley State Prison are unsafe, this case still must be dismissed as moot because none of Petitioner's claims relate to his custody at Valley State Prison.

granted" and as such, the case must be dismissed as moot. *See Outdoor Media*, 506 F.3d at 900.

## CONCLUSION

Based on the foregoing, the Court **DISMISSES** the Petition as **MOOT**. Rule 11 of the Rules Following 28 U.S.C. § 2254 requires the District Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254 (West 2019). A certificate of appealability will issue when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (West 2019); *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). A "substantial showing" requires a demonstration that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir. 2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the Court concludes Sekerke has not made the required showing, and therefore a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

Dated: October 8, 2021

Hon. Janis L. Sammartino
United States District Judge